[No. 682.  Decided December 2, 1892.]

MOSES H. SCOTT, *Appellant*, v. JOHN McNEAL AND AU-
GUSTINE McNEAL, *Respondents*.

EJECTMENT — PROBATE JURISDICTION — FINDINGS — ABSENCE.

Under the laws of Washington Territory, Code of 1881, probate
courts were vested with jurisdiction over the estates of deceased
persons, and when the powers of such courts have been invoked by
a petition setting forth the jurisdictional facts, among others, ab-
sence of a party for more than seven years, and that there is no
evidence that he is still living, the court is warranted in finding
that he is dead, and in ordering administration upon his estate.

In such a case, the supposed deceased person, after his return to
this state, cannot, as against an innocent purchaser or his grantees,
maintain an action of ejectment to recover property sold under a
decree of the probate court.

*Appeal from Superior Court, Thurston County.*

This was an action of ejectment for the recovery of cer-
tain real estate, brought in the court below by Moses H.
Scott, plaintiff, against John McNeal and Augustine Mc-
Neal, defendants.   The complaint was in the ordinary form.
The answer of defendants admitted the title to the land in
question in plaintiff Scott up to the year 1888, but claimed
that they had purchased this land from one Ward, who had
bought it by virtue of certain probate proceedings had in
the probate court for Thurston county, in the year 1888.
The judgment of the lower court and the supreme court
were based on the validity of certain proceedings taken
and had in such probate court.

The petition for letters of administration, notice and
service, and also decree appointing administrator, are as
follows:

*In the Probate Court in and for the County of Thurston,*
*Territory of Washington.*

IN THE MATTER OF THE ESTATE OF MOSES H. SCOTT, DECEASED.
*To the Honorable M. A. Root, Judge of the above Court:*

Mary Scott, your petitioner, respectfully shows:

1. That one Moses H. Scott, heretofore a resident of the above named county and territory, mysteriously disappeared some time during the month of March, A. D. 1881, and more than seven years ago.

2. That careful inquiry made by relatives and friends of said Moses H. Scott at different times since his said disappearance has failed to give any trace or information of his whereabouts, or any evidence that he is still living.

3. That your petitioner verily believes that said Moses H. Scott is dead, and has been dead from the time of his said disappearance.

4. That said Moses H. Scott was never married, and left no last will or testament yet heard of.

5. That said Moses H. Scott left real estate in his own right, in Thurston county, Territory of Washington, of the value of six hundred dollars, more or less.

6. That the heirs of said Moses H. Scott, to the best of your petitioner's knowledge and belief, are: Samuel Scott, aged about 18 years; Annie Rebecca Scott, aged about 16 years, and Fannie Elizabeth Scott, aged about 14 years, the three living children of a deceased brother of said Moses H. Scott.

7. That your petitioner is a judgment creditor of said Moses H. Scott, and holds an unsatisfied judgment against him.

8. That R. H. Milroy, of Olympia, Washington Territory, is a suitable and proper person to act as administrator of the estate of said Moses H. Scott, deceased.

Wherefore, your petitioner prays that letters of administration upon the estate of Moses H. Scott, deceased, be issued to said R. H. Milroy, and your petitioner will ever pray, etc.    MARY SCOTT.

STATE OF CALIFORNIA,   } ss.
COUNTY OF SANTA CLARA. }

Mary Scott, being by me first duly sworn, upon her oath deposes and says: That she is the petitioner above

named; that she has read the foregoing petition and knows the contents thereof, and believes the same to be true.

As witness my hand and seal of          MARY SCOTT.

Subscribed and sworn to before me this 2d day of April, 1888.                    H. F. DUSEY, *Notary Public.*

PROBATE NOTICE.

*In the Probate Court of Thurston County, W. T.*

Mary Scott having filed in this court a petition praying for the appointment of R. H. Milroy as administrator of the estate of Moses H. Scott, notice is hereby given that the hearing and consideration of said petition has been fixed for Friday, April 20, 1888, at 10 o'clock A. M., at the office of the undersigned.

April 7, 1888.          M. A. ROOT, *Probate Judge.*

TERRITORY OF WASHINGTON, } ss.
    COUNTY OF THURSTON. }

I, V. A. Milroy, being first duly sworn, on oath say that I am a citizen of the Territory of Washington, above the age of 21 years, not interested in the estate of Moses H. Scott; that I posted three copies of the within notice in three of the public places of the county of Thurston, W. T., as by law required, on the 7th day of April, 1888.

V. A. MILROY.

Subscribed and sworn to before me this 20th day of April, 1888.                    GEORGE M. SAVAGE,
[ NOTARIAL SEAL. ]                    *Notary Public.*

*In the Probate Court of Thurston County.*

IN THE MATTER OF THE ESTATE OF MOSES H. SCOTT.

The petition of Mary Scott for the appointment of R. H. Milroy as administrator of the above named estate coming on this day to be heard, and due proof having been made that due notice of said hearing had been posted in three public places as required by law, at least ten days before this day; George M. Savage and Francis Henry giving evidence before the court, and it duly appearing that said Moses H. Scott disappeared over seven years ago, and that since said time nothing has been heard or known of him by his relatives and acquaintances, and that said

relatives and acquaintances believe him to be dead, and that his surroundings when last seen (about eight years ago) and the circumstances of that time and immediately and shortly afterwards were such as to give his relatives and acquaintances the belief that he was murdered at about that time; and it appearing that he has estate in this county:

Now, therefore, the court find that the said Moses H. Scott is dead to all legal intents and purposes, having died on or about March 25, 1888; and no objections having been filed or made to the said petition of Mary Scott and the guardian *ad litem* of the minor heirs herein consenting, it is ordered that said R. H. Milroy be appointed administrator of the said estate, and that letters of guardianship issue to him upon his filing a good and sufficient bond in the sum of one thousand dollars.      M. A. ROOT,

Dated April 20, 1888.         *Probate Judge.*

At the trial the plaintiff's counsel objected to the introduction of such records in evidence, because the petition did not state sufficient facts to vest the probate court with jurisdiction; further, that the notice and service and decree were insufficient to warrant any of the subsequent proceedings of the court in ordering a sale of the land in question. This evidence being admitted, plaintiff excepted.

It also appeared from the evidence that Samuel C. Ward purchased this land at administrator's sale, by order of the probate court in the matter of Moses H. Scott's estate, and that Ward conveyed the same to defendants, who had made valuable improvements thereon. This evidence was admitted over plaintiff's objection. The court, in reply to remarks made by defendant's counsel with reference to the sufficiency of the testimony in their behalf, used the following language:

"I am inclined to agree with you without argument. This is the view I am taking of the case. The probate court having passed upon the sufficiency of the petition to give it jurisdiction, and acting upon it in good faith, of course, the finding that the party was dead under the presumption that his own acts had caused to arise, he had re-

mained away a sufficient time that the probate court said
the law does presume he was dead, I therefore find as a
matter of fact that he is dead.''

Mr. Scott was examined as a witness in his own behalf.
He testified that when he departed from Olympia he left
his business in the hands of T. F. McElroy, as his agent.
Scott was also asked the question, by his attorney, whether
or not he was ever indebted to one Mary Scott, but he was
not permitted to answer, because his answer might tend to
contradict an allegation of the petition for letters of ad-
ministration in that regard. The court directed the jury
to return a verdict for defendants, which having been done,
plaintiff moved for a new trial. Motion was overruled
and judgment rendered on the verdict, and exceptions were
duly taken.

*N. S. Porter* (*Byron Millett*, of counsel), for appellant:

*First*, That the administration on the estate of appellant,
he being alive, is absolutely void, and that all the pretended
proceedings undertaking to dispose of his property to re-
spondents' grantor were a nullity. 1 Woerner's Am. Law
of Administration (1st ed.), §§ 209, 210, 211; 1 Freeman
on Judgments (4th ed.), §§ 120, 319*b*; 2 Black on Judg-
ments (1st ed.), § 640; Freeman on Void Judicial Sales
(3d ed.), § 4; *Mutual Benefit Ins. Co. v. Tisdale*, 91 U. S.
238; Rorer on Judicial Sales (2d ed.), §§ 478, 485, 488;
Code 1881, §§ 1340, 1388, 1389; *Jochumsen v. Savings
Bank*, 3 Allen, 87; *Melia v. Simmons*, 45 Wis. 334; *Devlin
v. Commonwealth*, 101 Pa. St. 273; *Thomas v. People*, 107
Ill. 517; *Swiggart v. Harber*, 4 Scammon (Ill.), 364; *Grif-
fith v. Frazier*, 8 Cranch, 9; *Thompson v. Whitman*, 18
Wall. 457, 471; *D'Arusment v. Jones*, 4 Lea (Tenn.), 251.

The decision in the case of *Roderigas v. East River Sav-
ings Inst.*, 63 N. Y. 460, was by a divided court, and was
based on the phraseology of the statute of that state regu-

lating the jurisdiction of surrogate courts. This decision, however, is very much weakened by the decision in the subsequent case between the same parties, reported in 76 N. Y. 316. In 15 American Law Register, page 212, Judge Redfield severely criticizes the opinion of the New York court of appeals in the *Roderigas* case.

*Second,* The probate court, as it existed under the laws of Washington Territory, is of special and limited powers and jurisdiction. The petition, notice and service gave the court no jurisdiction over the *res.* There was no finding of fact as to Scott's death. The statement that "The court find that the said Moses H. Scott is dead to all legal intents and purposes, having died on or about March 25, 1888," is a mere legal conclusion and not a finding of fact.

*Root & Mitchell,* for respondents:

The probate proceedings referred to in this suit were in accordance with law, and consequently are binding upon all persons interested therein, and upon all property acted upon; and that respondents having acted in good faith are protected. 1 Woerner's Am. Law of Administration (1st ed.), §§ 210, 211, and notes; 1 Freeman on Judgments (4th ed.), § 319; *Miller v. Beates,* 3 S. & R. 490; *Roderigas v. East River Savings Inst.,* 63 N. Y. 460.

The finding of the fact of death is conclusive. 46 N. J. Law, 229; 1 Woerner's Am. Law of Adm., §§ 211, 212; *Roderigas v. East River Sav. Inst., supra.*

The jurisdiction of the probate court in this matter depended upon facts which it was required to ascertain in passing upon the petition for letters, and its decision as to those facts is binding until reversed on appeal or in a direct proceeding. 1 Black on Judgments, § 274; *Otis v. The Rio Grande,* 1 Woods, 279; 1 Herman, Estoppel, § 378, and cases cited; *Grignon's Lessee v. Astor,* 2 How. 319; *City of Delphi v. Startzman,* 104 Ind. 346; *Dequindre v. Williams,*

31 Ind. 444; *Bonsall v. Isett*, 14 Iowa, 309; *Roderigas v. East River Savings Inst.*, *supra*. If the jurisdiction over the subject matter appears on the face of the proceedings in which a sale is made, errors or mistakes cannot be examined collaterally. Rorer on Judicial Sales (2d ed.), § 480, note 1; *Thompson v. Tolmie*, 2 Pet. 157; *United States v. Arredondo*, 6 Pet. 708; *Wight v. Wallbaum*, 39 Ill. 555; *Iverson v. Loberg*, 26 Ill. 181; *Cockey v. Cole*, 28 Md. 286.

Proof before the probate court of seven years' absence raised the presumption of Scott's death. That presumption, not being controverted, legally and conclusively established the fact of death in that inquiry. 1 Greenleaf, Ev., §§ 33, 34; *Miller v. Beates*, 3 S. & R. 490; *Whiting v. Nicholl*, 46 Ill. 230.

The opinion of the court was delivered by

SCOTT, J.—This was an action of ejectment brought by appellant against the respondents to recover possession of certain lands in Thurston county. The defendants claim the same under a deed from Samuel C. Ward, who had purchased the land at an administrator's sale. In March, 1881, the appellant, who was at that time a resident of Thurston county, in this state, then territory, mysteriously disappeared. At that time he was the owner of the lands in question, the same being subject to a mortgage given to one T. F. McElroy. After a lapse of over seven years one Mary Scott, who claimed to be a creditor of the appellant, filed a petition in the probate court of said county, alleging the fact of Scott's disappearance more than seven years previously, and that careful inquiry made by his relatives and friends at different times since said disappearance had failed to give any knowledge or information of his whereabouts, or any evidence that he was still living; and alleged that she verily believed him to be dead, and

that he had died at the time of his disappearance; that he was never married, and left no last will or testament; and that he left real estate (being the land in controversy) in Thurston county. She also named several minor children of his deceased brother as his heirs; that she was a creditor, etc., and prayed for an administration of his estate. A notice of the hearing of said petition was given, and upon the day set for the hearing witnesses were examined and the court found from said testimony that said Scott was dead, and appointed an administrator as prayed for.

A number of objections are raised to the probate records, some of which go to the jurisdiction of the court relating to the sufficiency of the petition, and the posting of notices. Appellant alleges that the petition was defective in that it did not state that said Scott was a resident of Thurston county at the time of his death. The allegation in the petition is:

"That one Moses H. Scott, heretofore a resident of the above named county and territory (Thurston county, Washington Territory), mysteriously disappeared some time during the month of March, A. D. 1881, and more than seven years ago."

We think this was sufficient, as the word "heretofore" should be held to relate to the time of his disappearance.

He also objects to the proof of the posting of notices because it appears from the affidavit of the person posting the same that he had posted three of the notices in three public places in Thurston county, as the law required, without stating where they were posted. At the hearing, however, the court found that due notice of said hearing had been posted in three public places, as required by the statute, and we think the petition, notice and proof were sufficient to give the probate court jurisdiction.

The estate was administered step by step down to a sale of the lands to said Ward, and the records were introduced

in evidence against numerous objections made by the appellant. These objections, however, were mainly aimed at irregularities in the proceedings, which did not affect the jurisdiction of the court, and appellant was not in a position to take advantage of them in a collateral action. In addition to the records of the probate court in said matter, a deed from Ward to defendants was also admitted in evidence.

Appellant was a witness in his own behalf, but he made no attempt to explain his manner of leaving or his absence.

The defendants, after purchasing the property, took possession of it, and made valuable improvements. They stand in the position of innocent purchasers, and the question is, under this peculiar condition of affairs, which one of the parties must suffer? The equities of the case seem to be clearly with the defendants, for, as the matter appears, appellant willfully abandoned the property in question, and he certainly had reason to expect that proceedings of the kind would be instituted after a lapse of years in case his relatives, and other interested parties, should not be able to obtain any information of his existence or whereabouts.

It is argued, however, that to give effect to these probate proceedings, under the circumstances, would be to deprive him of his property without due process of law. The question is a very interesting one. It has been passed upon by other courts, and the decisions are conflicting. The action of the lower court in this instance is sustained by the case of *Roderigas v. East River Savings Institution*, 63 N. Y. 460. This case has received much adverse criticism, and also some favorable comments. The appellant argues that it would be inapplicable here, because, under the New York statutes, the court, in an application for letters of administration, had authority to find the fact as to the death of the intestate,

while under the laws of this territory this was not a matter in issue. But we are unable to agree with him. Our statutes only authorize administration of the estates of deceased persons, and before granting letters of administration the court must be satisfied by proof of the death of the intestate. The proceeding is substantially *in rem*, and all parties must be held to have received notice of the institution and pendency of such proceedings where notice is given as required by law. Sec. 1299 of the 1881 Code gave the probate court exclusive original jurisdiction in such matters, and authorized such court to summon parties and witnesses, and examine them touching any matter in controversy before said court or in the exercise of its jurisdiction.

We are of the opinion that it would serve no good purpose to undertake a review of the various cases and criticisms bearing upon this subject, but content ourselves with a reference to Woerner's Am. Law of Administration, §§ 210, 211, and authorities there cited.

Under the circumstances of this case, and after the best examination we have been able to give the matter, we are inclined to follow the *Roderigas* case.

The judgment of the court below is affirmed.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.