[No. 28640. Department One. February 13, 1942.]

THE STATE OF WASHINGTON, *on the Relation of William Heyes, Plaintiff,* v. THE SUPERIOR COURT FOR WHATCOM COUNTY, *Ralph O. Olson, Judge, Respondent.*[1]

[1]Reported in 121 P. (2d) 960.

*R. W. Greene,* for relator.

*Harold A. Seering* and *John P. McGlinn,* for respondent.

MAIN, J.—A petition was filed in this court asking for a writ of prohibition, directed to the superior court of Whatcom county, to prevent that court from dismissing an action because of delay in bringing it on for trial. The superior court filed an answer to the petition.

The controlling facts, as they appear in the court's return, will be summarized as follows: March 12, 1940, William Heyes, the relator, began an action in the superior court of Whatcom county against Earl I. L. Cilley and Dorothy B. Cilley, his wife. Issue in the cause was joined on March 23, 1940. The action was assigned for trial before a jury on the 28th day of October, 1940, and, by written stipulation between the

parties, the assignment was vacated. November 1, 1940, the case was set for trial for December 11, 1940. December 6, 1940, this assignment was vacated by an order approved by both parties. December 18, 1941, the defendants filed a motion to dismiss the action, on the ground that it had not been brought for trial within the time required under Rule III, Rules of Practice (193 Wash. 40-a).

No proceedings occurred in the cause between December 6, 1940, and December 18, 1941. The defendants did not agree, or stipulate, to any delay or waiver of Rule III. No effort was made by the plaintiff to have the cause set for trial at any of the jury terms during 1941. The motion to dismiss came on for hearing on the 22nd day of December, 1941, and subsequently, on the 30th day of that month, a memorandum opinion was filed, in which the view was expressed that the action should be dismissed. Prior to the time that any judgment of dismissal was entered, the plaintiff Heyes came to this court, and an alternative writ was issued, requiring the court to show cause why it should not be prohibited from entering a judgment of dismissal.

The extraordinary writ of prohibition is available only where the court, sought to be prohibited from further proceedings, is acting without, or in excess of, its jurisdiction (Rem. Rev. Stat., §§ 1027 and 1028 [P. C. §§ 8386 and 8387]), and then only in cases where there is no adequate remedy by appeal. The writ cannot be issued to prevent the commission of an error of fact or law, in instances where the tribunal, sought to be restrained, is acting within its jurisdiction. *State ex rel. Nelms v. Superior Court,* 149 Wash. 50, 270 Pac. 128; *State ex rel. Kempf v. Superior Court,* 151 Wash. 289, 275 Pac. 694; *State ex rel. Sibbald v. Huntington,* 1 Wn. (2d) 413, 96 P. (2d) 446.

There is no question but that the court, in this

case, had jurisdiction of the parties and of the subject matter. Had the court been mistaken in its belief that the action should be dismissed for want of prosecution, this would only have been an error of law, and, consequently, could not be corrected by a writ of prohibition.

█ Upon the oral argument, this court was requested, in the event that it was of the view that prohibition was not the proper remedy, to treat the application as one for a writ of mandamus. Assuming, without deciding, that the court could, or should, do this, the result would be the same. This court is authorized (Rem. Rev. Stat., §§ 1014, 1015 [P. C. §§ 8187, 8189]) to issue a writ of mandamus, directed to the superior court, "to compel the performance of an act which the law especially enjoins as a duty" of that court, and then only when there is no plain, speedy, and adequate remedy by appeal.

█ Certainly, the law does not impose upon the superior court the duty of refraining from dismissing an action when Rule III, above referred to, has not been complied with. That rule provides that any civil action shall be dismissed without prejudice for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. As appears in the return of the court, more than one year elapsed between December 6, 1940, when an order was entered vacating the previous assignment for trial, and December 18, 1941, when the motion to dismiss for want of prosecution was filed. When the time fixed by Rule III has expired, it becomes the mandatory duty of the court, as a matter of law, to dismiss the action. *State ex rel.*

*Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan,* 6 Wn. (2d) 146, 106 P. (2d) 1073; *State ex rel. Woodworth & Cornell v. Superior Court,* 9 Wn. (2d) 37, 113 P. (2d) 527.

As already pointed out, where the court has jurisdiction of the parties and the subject matter, if it rules incorrectly in dismissing an action, it only commits an error of law or fact, as the case may be. In such a case, the remedy is by appeal, and delay and expense do not affect the adequacy of this remedy. *State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836; *State ex rel. Board of Commissioners v. Superior Court,* 73 Wash. 296, 131 Pac. 816.

The application for a writ will be denied.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.

[1]Reported in 121 P. (2d) 948.