[No. 29110. Department One. July 8, 1943.]

THE STATE OF WASHINGTON *on the Relation of Robert N. Craig, Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Ralph C. Bell, Judge, Respondent.*[1]

*G. D. Eveland*, for relator.

*Hulbert, Helsell & Paul*, for respondent.

MILLARD, J.—A petition was filed in this court for a writ of prohibition to prevent the superior court for Snohomish county from dismissing an action for want

[1]Reported in 139 P. (2d) 615.

of prosecution. In addition to its answer, the superior court filed a demurrer to the petition on the ground that it was not proceeding in the action in question without or in excess of the court's jurisdiction, and that the relator has a plain, speedy, and adequate remedy at law.

In December, 1938, relator commenced an action to recover against Clearwater Concentrating Company for personal injuries alleged to have been sustained by relator by reason of the negligence of Robert Hage, an agent of defendant. In April, 1939, by supplemental complaint, Robert Hage was made an additional party defendant. The two complaints were filed, respectively, in the office of the county clerk, January 18, 1941, and May 20, 1939. Defendant corporation's answer, served upon plaintiff May 12, 1939, was filed in the office of the county clerk April 19, 1943. Plaintiff (relator in this prohibition proceeding) filed written demand January 18, 1941, for a jury trial and noted the cause for setting on the court's calendar. On the ground that he was a member of the United States army stationed at Fort Douglas, Utah, defendant Hage moved April 28, 1941, that proceedings in the action be stayed during the period of his military service, which motion was granted and the cause stricken from the trial calendar. April 19, 1943, defendant corporation filed a motion for dismissal of the action as to the corporation without prejudice, on the ground that plaintiff had failed to prosecute same within one year after joinder of issues of fact, as required by Rule III of the Rules of Pleading, Procedure, and Practice (193 Wash. 40-a). The court announced its intention to grant the motion and enter an order dismissing the cause as to defendant corporation without prejudice, whereupon plaintiff filed petition in this court for writ of prohibition, as stated above.

■ Respondent's demurrer to relator's petition must be sustained. The extraordinary writ of prohibition is available only where the court sought to be prohibited from further proceedings is acting without or in excess of its jurisdiction, and then only in cases where there is no adequate remedy by appeal. The writ may not be issued to prevent the commission of an error of fact or law, in instances where the tribunal sought to be restrained is acting within its jurisdiction. *State ex rel. Heyes v. Superior Court,* 12 Wn. (2d) 430, 121 P. (2d) 960.

■ Respondent court had jurisdiction of the parties and of the subject matter. If mistakenly it granted the motion for dismissal of the action for want of prosecution, that would constitute error which could not be corrected by a writ of prohibition. In such a case the remedy is by appeal, and delay and expense do not affect the adequacy of this remedy. *State ex rel. Heyes v. Superior Court, supra.*

The petition for the writ is denied.

JEFFERS, STEINERT, GRADY, and MALLERY, JJ., concur.