[No. 31477. Department Two. November 16, 1950.]

*In the Matter of the Estate of* JONAS A. NELSON.
NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*, v.
PETER A. MCDONALD, *Respondent*.[1]

*Wettrick, Flood & O'Brien*, for appellant.

*W. H. Cook*, for respondent.

[1] Reported in 224 P. (2d) 347.

GRADY, J.—The National Bank of Commerce of Seattle, as guardian of the estate of Jonas A. Nelson, has appealed from an order of the superior court appointing an administrator. We shall refer to the bank as appellant and to the administrator as respondent.

Jonas A. Nelson was discharged from military service February 12, 1919, with a diagnosis of dementia praecox, simple type. He subsequently received intermittent hospitalization from the veterans administration and became the recipient of disability benefits. His last physical examination, so far as is known, was in March, 1941, and it revealed dementia praecox and other related disabilities. Appellant was appointed guardian of his estate. Nelson was free to live in his own way and defrayed his ordinary expenses. He served as administrator of his brother's estate. There is some evidence in the record that he objected to having a guardian. Some of his relatives, who now claim to be his heirs, produced correspondence had with him in 1937, 1940, and 1941.

Nelson disappeared from his usual place of abode about January 12, 1942, and has not been heard from since that time. He was then of the age of about 57 years. Appellant was authorized by the court to use estate funds in efforts to locate its ward. A "missing" bulletin was circulated in 1943. inquiry was made among friends, and contact made with the landlady at whose home he boarded and roomed, but no trace of him could be found. The accumulated benefits paid to the guardian amount to approximately twenty-four thousand dollars.

September 21, 1949, respondent, at the request of relatives residing in Canada, petitioned the court that he be appointed administrator of Nelson's estate. Appellant appeared in the proceeding and objected to the appointment of an administrator. The order appointing respondent administrator shows on its face that it is based upon the presumption of death arising after an unexplained absence from the usual place of abode for a period of over seven years.

The petition did not allege that Nelson was deceased. It stated that the petitioner verily believed that he was dead and had been from the time of his disappearance. Evidently, there was no evidence, either direct or circumstantial, that Nelson was deceased, as the court made no finding of such fact. The order directed that letters of administration issue upon the filing of a bond according to law in the sum of twenty-five thousand dollars. A bond approved by the court was filed conditioned that the principal "shall faithfully execute according to law all of the duties of the trust as such Fiduciary."

The objection of the appellant to the appointment of an administrator is that, in such event, it would be required to turn the guardianship estate over to him, and if after distribution Nelson should appear, it will have no protection against any accounting that might be demanded; also, that if it is required to account to Nelson, the effect will be to deprive it of its property without due process of law. The appellant contends that the administrator's bond is effective only in the event Nelson be deceased and with reference to the acts of the administrator in the administration of the estate.

We have had occasion to consider the effect of the presumption of death after seven years unexplained absence in a case where an estate was administered upon and the supposed deceased person later appeared and challenged the jurisdiction of the court to appoint an administrator; also, where the petition for letters of administration alleged that a party was dead, coupled with an allegation of absence for more than seven years; also, cases where actions were brought by beneficiaries under life insurance policies against the insurers to recover on those policies. The rights of a guardian of a person who had been adjudged to be incompetent and who later disappeared and became a seven-year absentee have not heretofore been considered by this court.

In *Scott v. McNeal*, 5 Wash. 309, 31 Pac. 873, 34 Am. St. 863, the petition for letters of administration did not allege

the fact of the death of Scott, but merely a belief on the part of the petitioner. Jurisdiction of the court was based upon the presumption of death arising from disappearance from place of residence, more than seven years absence, and inability to locate by inquiry among friends and relatives at various times. The court held that the probate court had jurisdiction to appoint an administrator of Scott's estate based upon the presumption of death, and although such was not the fact and Scott returned he could not recover his property that had been sold pursuant to an order of the court to an innocent purchaser. A writ of error was issued. The United States supreme court decided that all proceedings of a court in appointing an administrator depend upon the fact that a person be dead, and are null and void if such person be alive, and to hold administration of his estate valid would deprive him of his property without due process of law within the meaning of the fourteenth amendment to the constitution of the United States. *Scott v. McNeal*, 154 U. S. 34, 38 L. Ed. 896.

In *State ex rel. Kempf v. Superior Court*, 151 Wash. 289, 275 Pac. 694, it appeared that Gottfried Kempf disappeared from his home in 1921. In 1922, proceedings were instituted seeking the appointment of a trustee for the estate of Gottfried Kempf as an absentee from the state of Washington under the provisions of Rem. Rev. Stat., § 1715-1 *et seq.*, commonly known as the absentee statute. A trustee was appointed, and he proceeded to administer the trust under orders of the court and in compliance with the statute. December 20, 1928, Josephine D. Kempf filed a petition alleging that Gottfried Kempf died in Spokane county, Washington, on June 30, 1921; that on or about that day he left his home and mysteriously disappeared without cause or provocation, that he never returned to his home, and diligent search had been made to ascertain his whereabouts; that either on that day or the following day he had been seen on a bridge across Spokane river, but no other person had seen him at or about that time or thereafter. The trustee applied to this court for a writ of prohibition upon the

theory that the superior court was proceeding without jurisdiction. In our opinion, we pointed out that statutes for the conservation and distribution of the estates of absentees proceeded upon the assumption that the owner of the estate was alive, and that administration under general statutes for the administration of the estates of decedents based wholly upon the presumption of death arising from an absence of seven years is not binding upon the absentee and may be collaterally attacked. We decided that, inasmuch as the petition for the appointment of an administrator alleged the fact of death, the court acquired jurisdiction to hear evidence to determine such fact, and that absence for more than seven years was merely one of the circumstances to consider in determining whether or not Kempf was dead. We denied the application for a writ of prohibition.

This case differs from the *Scott* and *Kempf* cases, in that there has been no appearance of Nelson, and there was no allegation in the petition for letters of administration or proof submitted that he was in fact deceased.

The insurance cases are not applicable. The actions arose out of contracts. The parties to the actions were the beneficiaries named in the insurance policies and the insurers. No property of the insured was involved. The court acquired jurisdiction over the parties and the subject matter of the actions, and therefore had the power to determine the fact of death. The presumption made a *prima facie* case for the plaintiff. The burden of going forward and rebutting the presumption was then upon the insurer. The unknown fact, if such had been the case, that the insured was alive did not prevent the court from acquiring jurisdiction to adjudicate the issues raised by the pleadings.

The question of the jurisdiction of the court to appoint an administrator of the estate of an absentee based upon the presumption of death is discussed in the annotation to the case of *Payne v. Home Savings Bank*, 193 Ga. 406, 18 S. E. (2d) 770, 140 A. L. R. 1397. The author of the annotation has classified the cases on the subject and pointed out some

seeming conflicts. The general idea to be gathered from the cases cited and reviewed is that all depends upon whether the absentee was dead or alive when the administrator was appointed by the court. If he was in fact dead, the appointment was held to be valid even though the order was based wholly on the presumption of death; but if he was in fact alive, the whole proceeding was a nullity for want of jurisdiction, and if he was deprived of his property by the administration upon his estate it was without due process of law. *Scott v. McNeal, supra.*

In some cases, administration upon the estate of a presumptively deceased person has been upheld when the court had the authority to and did adopt measures to protect him if he was alive so that he could recover his property or its value in money. Such statutes provide a combination of probate and absentee procedure. Our probate statutes provide only for a bond to be given by an administrator to faithfully discharge his duties. A surety on such a bond does not undertake to protect one whose estate has been administered upon when he was in fact alive.

In order to avoid the difficulties arising out of probating the estate of a seven-year absentee, statutes have been enacted providing a procedure to conserve his property. They proceed upon the theory the absentee is living. They authorize the court to make a provisional distribution of his property if he is not found or does not appear after a lapse of time but require the distributees to furnish security for his protection if he be alive. Chapter 39, p. 132, of the Laws of 1915 (Rem. Rev. Stat.; § 1715-1, *et seq.*) is legislation of this character.

It is our opinion that, when it is made to appear to the court that a person owning property has become an absentee as that term is generally understood, even though it be for a sufficient length of time and under such circumstances as to give rise to a presumption of death, the jurisdiction of the court should not be invoked to have an administrator appointed, but the interested parties should be relegated to the absentee statutes, unless the petition al-

leges the fact of death and there be available sufficient evidence in support of the allegation to enable the court to make such a finding.

█ The trial court, having before it only the presumption of death of Nelson, should not have appointed an administrator.

The judgment is reversed, and the cause remanded so that the order appointing the respondent administrator of the estate may be vacated.

ROBINSON, MALLERY, HAMLEY, and DONWORTH, JJ., concur.

---

December 19, 1950. Petition for rehearing denied.