EMMA L. BUSH and Others, Appellants, *v.* A. GORDON MURRAY and Another, Respondents, Impleaded with FRANKLIN M. TOMLIN, Defendant.

First Department, June 6, 1924.

Attorney and client — action against attorneys based on alleged conspiracy — one of defendants was engaged by plaintiffs to safeguard their rights in foreclosure of mortgage executed by one of them — corporation plaintiff is nominal holder of property — complaint charging conspiracy by all defendants to defraud plaintiffs of property states cause of action — complaint states but one cause of action — all plaintiffs have some interest in property and are properly joined under Civil Practice Act, § 209 — all conspirators are joint tort feasors and it is not necessary to join all as defendants — part of complaint may not be attacked for insufficiency.

A complaint, in an action against attorneys charging them with conspiracy to defraud the plaintiffs of certain real property, states facts sufficient to constitute a cause of action and states but one cause of action, which alleges that one of the plaintiffs executed a mortgage on two pieces of property owned by him and that said property was conveyed to the corporation plaintiff which is the nominal holder, but without any consideration either in money or stock; that the several parties plaintiff are all interested in the property either as *cestui que trust* or trustees; that pending foreclosure proceedings, the plaintiffs

engaged one of the defendants as attorney to safeguard their interests and upon his representations a mortgage was executed on the property for the purpose of raising money to settle the foreclosure action and other claims against the property; that said attorney and the other defendants who are attorneys for the receiver and for a claimant, entered into a conspiracy for the purpose of acquiring the property for themselves and, without carrying out the agreement under which the mortgage was executed to settle the foreclosure action, recorded the mortgage and asserted its validity; and that they secured promissory notes with the stock of the corporation plaintiff as collateral and had the stock so held sold at auction and bought in by one of the defendants, thereby obtaining control of the corporation plaintiff of which two of the defendants had been elected directors prior to the discovery of the conspiracy.

All of the plaintiffs have some interest in the property although their exact interest is not determined, and, therefore, they were all properly joined as parties plaintiff under section 209 of the Civil Practice Act.

All who entered into the conspiracy to defraud the plaintiffs of their property are joint tort feasors, and, therefore, there was not a misjoinder of parties defendant by failure to join all who had taken part in the conspiracy, since the plaintiffs had the right to sue the conspirators severally or jointly.

The objection by the defendants that a part of the cause of action is insufficient and that some of the allegations of the complaint do not state facts sufficient to constitute a cause of action and, therefore, the whole complaint should be dismissed, is untenable. A defendant cannot object to a part of a complaint stating but one cause of action. A part of a cause of action may not be singled out and dismissed on the ground that that part fails to state facts sufficient to constitute a cause of action.

APPEAL by the plaintiffs, Emma L. Bush and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1923, granting defendant Fried's motion to dismiss the amended complaint; also from an order entered in said clerk's office on the 17th day of September, 1923, resettling said first-mentioned order; also from said first-mentioned order as resettled, and also from a judgment entered in said clerk's office on the 3d day of October, 1923, pursuant to said order.

Appeal by the plaintiffs Emma L. Bush and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1923, dismissing their motion to require the defendant Murray to furnish a bill of particulars on his answer to the amended complaint.

*Moers, Rosenschein & Abeles* [*Charles S. Rosenschein* of counsel], for the appellants.

*Erwin, Fried & Czaki* [*Frederick M. Czaki* of counsel; *Marion Erwin* with him on the brief], for the respondent Joseph Fried.

*A. Gordon Murray,* respondent in person.

McAvoy, J.:

There are two appeals, both taken by the plaintiffs. One is from a judgment dismissing the complaint as to the defendant Fried, and from the orders upon which the judgment was entered. The other is from an order dismissing the plaintiffs' motion for a bill of particulars of the allegations contained in the answer of defendant Murray.

Plaintiffs sue their attorney, Murray, for defrauding them of their property consisting of two parcels of realty. The other defendants are joined because they joined with him in the fraud and because all have acquired the property or some interest therein. Murray and Fried now own the properties which they acquired, one while attorney for the owners thereof, the other while attorney for the receiver in a foreclosure of them. The motion was made on these grounds:

1. That there was a misjoinder of causes of action;
2. That there was a misjoinder of parties plaintiff;
3. That there was a defect of parties defendant; and
4. That as to part of the complaint, no cause of action was stated.

While we do not pass upon the facts, since they have not yet been proven, yet for the purposes of this appeal we must assume the allegations of the complaint to be true.

The complaint sets out the cause, in effect, as follows:

In 1912 plaintiff Rochford owned two parcels of real property, 357 Fulton street, Brooklyn, and Nautilus Hotel, Arverne, L. I.

These parcels, with others, were mortgaged to one Manheimer to secure a loan of $45,000. To foreclose this mortgage an action was pending, in which a receiver had been appointed. The defendant Fried was attorney both for the receiver and for the plaintiff in that action, Manheimer. The receiver had failed to account from 1915 to 1919, although demand had been made upon him repeatedly. In August, 1919, however, he filed an accounting which required objections and exceptions to be made on behalf of the owners of the equity of redemption. Further, there were a number of liens on the property in addition to the mortgage, consisting chiefly of judgments. In December, 1915, Rochford had made a deed of the two parcels to plaintiff, Peppard Realty Co., Inc. This transfer was merely nominal, for Rochford received neither shares of stock nor other consideration, nor any promise that any would be given.

In this situation the plaintiffs came to defendant Murray, an attorney. The rights of the plaintiffs between themselves were not clearly fixed, the individuals being entitled to ownership either in

the real property itself or in the shares of stock in the corporation, or to an accounting by the corporation. It is charged, then, in the complaint that all three plaintiffs " made an agreement with defendant Murray whereby plaintiffs engaged the defendant Murray as their attorney and counsellor at law and he agreed to protect and safeguard the rights and interests of the plaintiffs   *   *   .* in and to the real properties hereinbefore described, the rights and equities of the plaintiffs among themselves, and the defendant Murray further agreed to represent the plaintiffs in the foreclosure actions brought by said Manheimer and to oppose, and procure the correction of, the accounting filed by the receiver in the said fore-closure actions, and to purchase for and on behalf of the plaintiffs certain judgments and alleged liens then existing against said prop-erties, upon terms as favorable to the plaintiffs as could be obtained, and to take such steps with respect to the existence, organization and status of the plaintiff Peppard Realty Co., Inc., as were neces-sary to carry out the said purposes, and the defendant Murray then and there agreed to prevent loss or impairment of the rights, interests and remedies of the plaintiffs aforesaid, and to furnish such sums of money as might be required to effect the purposes above referred to, among others, for the purchase of the various judgments and liens as aforesaid, and the payment, replacement and renewal or extension of the mortgage then being foreclosed, and the plaintiffs agreed to cause the said defendant Murray to be paid for all of the foregoing."

The compensation of Murray under this agreement was to be $9,000.

As required by this agreement, Murray appeared in the fore-closure action, negotiated with defendant Fried, attorney for the mortgagee and for the receiver, with defendant Tomlin, attorney for an alleged claimant and lienor, and purchased at about twenty-five cents on the dollar a number of judgments which were liens. Finally he made an agreement with the various parties, among other things, for an extension of the mortgage after a reduction of the principal by using the funds in the hands of the receiver, for a withdrawal of the objections to the receiver's accounts and a discontinuance of the foreclosure action, for a fee to receiver's attorneys of $8,000 upon condition that the action be discontinued and the mortgage extended, and for a settlement and discharge of the other liens.

On the representation to the plaintiffs that it was necessary to carry out this arrangement, Murray procured the execution of a mortgage by the plaintiffs jointly to himself and his nominee, one Linoki. The amount of the mortgage was fixed by him at $22,000. It was said that this mortgage was to secure the $9,000 fee to Murray,

$5,000 to one Morrison as a settlement of his alleged claim, $2,500 in satisfaction of an inchoate right of dower, $3,000 alleged commissions to a broker, and the balance, $2,500, also for Murray for prospective disbursements.

Further, on Murray's representation that this was necessary, plaintiffs allowed him to elect himself and his nominees directors of the corporation which nominally owned the properties, all the stock of which he issued to one of his nominees, Morris. The complaint alleges that these things were to have been done supposedly for the benefit of the plaintiffs; but it is alleged they were done in fact to place Murray in control of the corporation.

In this situation Murray and the other defendants, it is alleged, conspired to obtain for themselves the properties which Murray had undertaken to save for the plaintiffs. Murray was their own attorney. Fried was attorney for the receiver in the foreclosure. Tomlin represented an alleged claimant. Both Fried and Tomlin knew of the retainer of Murray by the plaintiffs. What the defendants did thereafter was alleged to have been conclusively prearranged between them, and was for the sole purpose of acquiring the properties for themselves. Instead of discontinuing the foreclosure, they pressed it to judgment and sale, after they had procured the withdrawal of the objections to the receiver's account and the allowance of $8,000 to Fried's firm, although that, it is alleged, was intended only as an inducement to a discontinuance. They permitted Tomlin to obtain for his client a judgment for $7,500 in place of $5,000 participation in the $22,000 mortgage. It is then asserted that Murray recorded and asserted the validity of the $22,000 mortgage made by his clients, although he refused to carry out the settlement to effect which it was executed. The complaint proceeds to charge that all the defendants purchased for themselves the properties at the sale. Murray and Tomlin's client together took over 357 Fulton street. Fried took the Nautilus Hotel.

As to the corporate rights involved, it is alleged that the defendants set out to obtain the shares of stock in the corporation which nominally owned the properties. Their purpose now was to prevent a reacquisition in any form by the plaintiffs. This they accomplished by collusively obtaining the execution of a collateral note payable on demand with the shares as security. Their nominee, Morris, who was also the trusted agent of the plaintiffs, without consideration and by misrepresentation obtained the collateral note from one of the plaintiffs and immediately transferred it to the defendants, one of whom, Fried, sold the shares at auction and bought them in himself.

Further it is alleged that by asserting false claims to liens upon

the properties they thereafter prevented the plaintiffs from securing third persons to redeem the properties for the plaintiffs.

Damage is claimed in the sum of $100,000.

This seems certainly to give a cause of action in which both the rights of the individual plaintiffs and the rights of the corporate body may be redressed. In any event Fried may not claim that no cause of action is alleged against him, since he made no motion to dismiss for that reason. There is no misjoinder either of parties or of causes of action, because under section 209 of the Civil Practice Act all parties may be joined who have either a joint, several or alternative right to relief.

The allegations of the complaint state but one cause of action viewed in the light of the transactions described and the relief sought. The first objection of defendant Fried to the complaint is that there is a misjoinder of causes of action. Plainly if but one cause of action is contained in the complaint, that objection is not tenable. His claim is that the acquisition by the defendants of the shares of stock in the Peppard Realty Co., Inc., adds a second cause of action to the rest of the complaint. This is plainly a misconception of the purpose of the allegation. It is included for two purposes: For the purpose of setting forth (a) that the plaintiffs were prevented from recovering the real property of which they had been deprived by the other acts of the defendants; and (b) that it is merely one of the steps in a series of acts constituting the whole conspiracy of the defendants to deprive the plaintiffs of their property.

The allegations with respect to the shares of stock are properly included as a statement showing that the defendants prevented by the means resorted to the restoration of the real properties to the plaintiffs. An allegation for such a purpose is especially appropriate in an action for conspiracy.

The allegations with respect to the real properties constitute the acts of the defendants in depriving the plaintiffs of their ownership. The allegations with respect to the shares of stock in the corporation constitute the acquisition by the defendants of the right to call upon them to restore the profits.

Neither is there any misjoinder of parties plaintiff. The claim of all the plaintiffs arises out of their contract with Murray. All three parties were the ones who together engaged Murray as their attorney and made that contract. To all three Murray owed the duty to safeguard their rights. The breach of the trust or of the contract, whichever it might be, was as to all the plaintiffs. The relations of the plaintiffs between themselves make it proper that all be joined. From the allegations of the complaint it appears

that each was either the trustee or the *cestui que trust* of the other. If, then, the plaintiff Peppard Realty Co., Inc., was the nominal holder of the title to the properties, it was a trustee for the benefit of the individuals. If it was not, it was required to account to the individuals. If the plaintiff Bush had any right to the shares of stock, she was the trustee for the plaintiff Rochford.

The Civil Practice Act (§ 209) makes it no longer doubtful that the plaintiffs may be joined in one action where their rights are possibly alternative.

As to the assertion of a defect of parties defendant, we hold that Morris, the alleged dummy, is not a necessary party defendant.

All conspirators are joint tort feasors and may be sued either separately or jointly in one action.

" It is elementary law that one who has been injured by the joint wrong of several parties may recover his damages against either or all." (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, 62.)

If it is true, as claimed by defendant Fried, that the allegations of the complaint make Morris a co-conspirator, there is no reason why the plaintiffs may not elect either to sue him in a separate action or to pursue their remedy against the other wrongdoers alone.

The objection that part of the cause of action is insufficient and is not owned by all of the plaintiffs is untenable.

The fourth objection to the complaint relates to some of the allegations of the complaint, and asserts that because they do not in themselves state facts sufficient to constitute a cause of action, the whole complaint should be dismissed.

Part of a complaint may not be attacked for insufficiency as a cause of action unless a separate cause of action is claimed by the pleader to be set forth. Since there is but one cause, a part may not be so attacked. A part of a cause of action may not be singled out and dismissed on the ground that that part fails to state facts sufficient to constitute a cause of action. (*Hollingsworth* v. *Spectator Co., No. 1*, 53 App. Div. 291; *Toplitz* v. *Toplitz*, 54 id. 630; *Fliess* v. *Hoy*, 150 id. 555.) Either the complaint as a whole states a cause of action or it does not.

The judgment and order dismissing the complaint should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant Joseph Fried to answer on payment of said costs.

The order dismissing the motion for a bill of particulars was evidently made because of the decision dismissing the complaint herein, which it was thought eliminates the necessity of a bill of

particulars being served by either defendant. But the complaint stood as against defendant Murray, and he had answered and did not oppose the bill by affidavit or argument. The order dismissing the motion was, therefore, erroneous and should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

On the first appeal: Judgment and order reversed, with costs to appellants against the defendant Joseph Fried, with leave to said defendant to answer within twenty days from service of order upon payment of said costs.

On the second appeal: Order reversed, with ten dollars costs and disbursements against the respondent A. Gordon Murray, and motion granted, with ten dollars costs. The bill of particulars to be served within ten days from service of order.