[No. 27962.    Department One.    May 2, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Donald W. Lyle, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Fred G. Remann, Judge, Respondent.*[1]

[1]Reported in 102 P. (2d) 246.

*Eisenhower & Hunter,* for relator.

*Chas. T. Peterson,* for respondent.

MILLARD, J.—Charles T. Peterson instituted an action January 24, 1939, in the superior court for Pierce county to recover against Donald W. Lyle the value of merchandise sold by plaintiff Peterson to defendant Lyle between July 29, 1935, and February 8, 1936. A written notice of appearance was duly served by defendant upon the attorneys of record for plaintiff, with request that all further pleadings and papers in the cause be served upon defendant's attorneys. Defendant's demurrer to the complaint, together with a motion to make the complaint more definite and certain, were served upon plaintiff's attorneys and filed February 10, 1939, with the clerk of the superior court for Pierce county.

Defendant filed a motion February 15, 1940, to dismiss the action for want of prosecution. The affidavit, which is not controverted and on which the motion to dismiss the action without prejudice is based, is to the effect that more than one year has elapsed since defendant served and filed his demurrer to the complaint and his motion to make the complaint more definite and certain; that neither of the attorneys representing defendant has had any discussion with the plaintiff or his attorneys relative to the action; and that defendant has not done anything to prevent a hearing to be had on the cause of action.

On February 17, 1940, the motion to dismiss came on regularly to be heard, at which time a bill of particulars was served on defendant's attorneys, and it is the only pleading or paper served on defendant after service of the summons and complaint January 24, 1939. After argument by the attorneys for the respective parties, the trial court refused to dismiss the ac-

tion, stating that he believed he had the right to exercise his discretion in the matter despite the language of Rule III of the Rules of Pleading, Procedure and Practice (193 Wash. 40-a), which was adopted by this court and became effective August 1, 1938. The rule reads as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party." Rem. Rev. Stat. (Sup.), § 308-3.

The cause is now before us on order to show cause why we should not grant the application of defendant for a writ of mandate requiring the superior court for Pierce county to grant the motion to dismiss the action without prejudice.

The return of respondent, excusatory of refusal to grant the motion, is to the effect that the bill of particulars filed by plaintiff discloses that the last item of merchandise delivered by plaintiff to defendant was delivered January 24, 1936, and that the complaint of plaintiff was filed on the last day within which it could have been filed to save the action from being barred by the three-year statute of limitations. It appeared to the respondent that, if the motion to dismiss without prejudice were granted, it would result in barring another action by plaintiff; and that, under the circumstances, a dismissal would amount to a dismissal with prejudice. The court further answered that it appeared that the plaintiff was ready, willing and able to proceed with the trial of the cause, and had not abandoned his action and had no intention of abandoning the same.

Substantially, respondent's attempted justification of its disregard of the above-quoted rule is that a dismissal of the cause would have worked an irreparable injury to plaintiff, in that his cause of action would have been lost by reason of the statute of limitations; and that, under such circumstances, the overruling of the motion to dismiss was a fair and reasonable exercise of the *discretion* of the court in the matter.

It is unnecessary to cite and review the numerous authorities that, where the express mandatory conditions of a statute or rule providing for dismissal of actions if not brought to trial within a specified time are clearly established and without contradiction, the court is without discretion in the matter, and mandamus is the proper remedy to require the court to perform the act of granting the motion to dismiss.

Our rule, quoted above, is not dissimilar from the provision of the California statute that any action "shall be dismissed by the court" on motion of the defendant, after due notice to plaintiff, unless such action is brought to trial within five years. That statutory provision has been construed as requiring mandatory dismissal of actions within the statute. See 112 A. L. R. 1158 *et seq.*

Our intention in adopting the above-quoted rule is to be deduced from what we said. We may amend or repeal that rule, but, until we do, the rule is a part of the written law of this state, which litigants are presumed to know and with which they must comply. Rules which may be deemed directory merely may be disregarded; but where, in establishing rules, the court has not reserved therein the right of exercise of discretion, those rules cannot justifiably be disregarded—there is no room for the exercise of discretion.

The *mandatory provision* of the rule *is* that any civil

action shall be dismissed, without prejudice, if the plaintiff or cross-complainant fail to note the action for trial or hearing within one year after any issue of law or fact has been joined. That provision is subject to the *qualification* "unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss." The *qualification* accentuates, places in bold relief, the mandatory provision for dismissal of the action if not noted for trial or hearing within the time specified unless the party moving dismissal caused the delay.

When attorneys representing defendant (relator) served and filed demurrer to plaintiff's complaint, an issue of law was immediately made. It then developed upon plaintiff to note same for hearing within one year thereafter, otherwise the action was subject on motion of defendant to dismissal without prejudice for want of prosecution, unless the excusatory qualification—failure to bring same on for hearing was caused by defendant—of the rule was available to plaintiff.

Nothing is disclosed to excuse plaintiff's failure to bring on for hearing the issue of law raised by the demurrer to the complaint, and it is incontrovertibly established that the failure to bring the same on for hearing was not caused by defendant relator.

In ruling upon a motion to dismiss for want of prosecution, the trial court may not, under the above-quoted rule, consider the merits of the action. True, under the rule, the court may properly refuse to dismiss where the delay was caused by the defendant. However, the failure of the defendant to take any steps to bring the cause to trial or hearing is not a ground for denial of the defendant's motion to dismiss the cause for want of prosecution, since the obligation in that respect rests upon plaintiff rather than the defendant. Bancroft's Code Practice 759, § 506.

Whether defendant (relator) suffered any hardship by reason of the delay, is not a proper subject of inquiry, since the law presumes injury from unreasonable delay; and unreasonable delay in this case is the period fixed by the rule. The question as to the operation of the statute of limitations where the former action has failed for some reason other than a decision on the merits, is unimportant.

A dismissal without prejudice for want of prosecution is not a judgment on the merits. It is a refusal to hear and determine the case upon the merits, and the duty of granting a motion for dismissal, without prejudice, for want of prosecution, is imposed by the express mandatory conditions of the rule, which provides for dismissal of actions if not brought to trial or hearing within one year after any issue of law or fact has been joined. If within the time specified the action is not brought to trial or hearing, the court is without discretion in the matter, and must dismiss the action unless the failure to bring the same on for trial or hearing was caused by the moving party.

The above-quoted rule grants a right that is not dependent upon the merits of the action, hence a litigant should not be put to the hazard, delay and expense—as we stated in *State ex rel. Martin v. Superior Court*, 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905, in which we granted a writ prohibiting the superior court from trying a cause after a denial of change of venue—of a trial upon the merits as a prerequisite to the assertion of the right.

The case at bar is indisputably within the mandatory provision of the rule (Rem. Rev. Stat. (Sup), § 308-3) that any civil action shall be dismissed, without prejudice, for want of prosecution if plaintiff neglects to note the action for trial or hearing within one year

708

after any issue of law or fact has been joined. Therefore, the defendant (relator) is entitled to a writ of mandate to compel the dismissal of the action, in view of the fact that the failure to bring the action on for trial or hearing was not caused by defendant (relator).

The writ is granted.

BLAKE, C. J., MAIN, ROBINSON, and JEFFERS, JJ., concur.

[1]Reported in 102 P. (2d) 219.