[No. 28350.   Department Two.   May 23, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Wood-worth & Cornell, Inc.,* Plaintiff, v. THE SUPERIOR COURT FOR KING COUNTY, *Jas. T. Lawler, Judge, Respondent.*[1]

[1]Reported in 113 P. (2d) 527.

*Hayden, Metzger & Blair* and *Merton Elliott,* for relator.

*Schramm, Walthew & Mifflin* and *Rummens & Griffin,* for respondent.

JEFFERS, J.—A petition was filed in this court by relator, Woodworth & Cornell, Inc., for a writ of mandamus to compel Honorable James T. Lawler, judge of the superior court for King county, to dismiss for want of prosecution, in accordance with Rule III, Rules of Practice, 193 Wash. 40-a, Rem. Rev. Stat. (Sup.), § 308-3, effective August 1, 1938, a cause of action as to relator. In response to an order to show cause, issued by the chief justice of this court, respondent judge filed an answer and return. A transcript of the proceedings in the superior court has also been filed herein.

The action pending in the superior court above referred to was one instituted by L. Romano Engineering Corporation against Northern Pacific Railway Company, Northwestern Improvement Company, and Woodworth & Cornell, a corporation, relator herein. The complaint charged the defendants with conspiracy, by reason of which plaintiff claims it was deprived of the fruits of an expected contract to sell gravel to the United States government, thereby damaging plaintiff in the sum of $77,891.

The action was commenced by the engineering company on August 17, 1938. Issue of fact was joined by the service and filing of an answer by relator, November 18, 1938. On November 21, 1938, the action was duly noted for assignment for trial, and was thereafter set for trial on May 2, 1939. The engineering company caused the action to be stricken from the trial calendar on April 21, 1939. This was done without notice to, or any agreement with, relator.

It should be noted that, in the superior court action, defendant Woodworth & Cornell was represented by Hayden, Metzger & Blair, of Tacoma, and appeared separately in that action. Northern Pacific Railway Company and Northwestern Improvement Company appeared by Robert S. Macfarlane, Dean H. Eastman, and Earl F. Requa.

After the cause was stricken from the trial calendar on April 21, 1939, the case was renoted by the engineering company for trial on June 27, 1939. No notice of this renotation was served upon relator or its attorneys. On December 2, 1939, the case was again stricken from the trial calendar, at the request of the engineering company. The case was again renoted for trial, April 18, 1940, and, on November 16, 1940, the case was set for trial for February 25, 1941. Neither relator nor its attorneys were notified in any way that the action had been noted for trial after it was stricken from the calendar on April 21, 1939, and were not notified of, nor did relator in any way participate in, the fixing of the trial date, February 25, 1941.

The only notice of the assignment of the case for trial after April 21, 1939, was served upon counsel for the Northern Pacific Railway Company and Northwestern Improvement Company.

On January 25, 1941, relator filed its motion and affidavit for dismissal as to it, under Rule III, *supra*.

This motion was by the trial court denied, and relator instituted this proceeding.

Rule III provides:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

It is not contended here that, if the action was not noted within the year, such failure was in any way caused by relator.

The main question here presented concerns the meaning of the phrase "note the action for trial or hearing," as employed in Rule III.

It is contended by relator that there has not been a valid notation for trial of the action, as to an interested adverse party, until there has been service upon such party of notice of the proceedings, in accordance with the provisions of Rem. Rev. Stat., § 319 [P. C. § 8480], which provides, in part:

"At any time after the issues of fact are completed in any case by the service of complaint and answer or reply when necessary, as provided in title three, either party may cause the issues of fact to be brought on for trial, by serving upon the opposite party a notice of trial at least three days before any day provided by rules of court for setting causes for trial, which notice shall give the title of the cause as in the pleadings, and notify the opposite party that the issues in such action will be brought on for trial at the time set by the court."

Respondent, on the other hand, takes the position that noting the case for trial as to part of the defendants was a noting of the action for trial, and a sufficient

compliance with the rule, also contending that relator, by participating in the taking of depositions preliminary to trial, waived its right to invoke the provisions of the rule. Respondent further contends there was no showing of bad faith on the part of the engineering company, and that the omission of service upon relator was pure inadvertence.

It is apparent from the above section that it is a statutory requisite for noting a cause for trial, that proper notice be served upon the opposite party, at least three days before the setting of such cause for trial.

We do not understand respondent to deny the necessity of this service of notice to validate the notation referred to in Rule III. The argument that this requisite service has been complied with by service upon only one of the several defendants seems to us to be without merit. Defendants were charged with civil conspiracy, and are jointly and severally liable. The action may be maintained against any one or all (*Eyak River Packing Co. v. Huglen,* 143 Wash. 229, 255 Pac. 123, 257 Pac. 638; *Ayres v. Nopoulos,* 204 Iowa 881, 216 N. W. 258; *Bush v. Murray,* 209 App. Div. 563, 205 N. Y. Supp. 21) and therefore may be dismissed or abandoned as to any one.

No agency to accept service of notice of assignment for trial in behalf of the other defendants inheres in the *inter se* relationship of defendants charged with conspiracy. Nor is there any showing here that the defendants Northern Pacific Railway Company and Northwestern Improvement Company, or their attorneys, were ever expressly or impliedly authorized by relator to accept service in behalf of relator, or that counsel for the defendants above named purported so to do.

We do not feel justified in construing § 319, *supra,* in such a manner that notice served upon less than all of the defendants, in the absence of express or implied authority so to do, validates the notice of assignment for trial as to those defendants not served, where upon trial a determination adverse to the defendants would result in a personal judgment upon which such unnotified defendants would purportedly be held individually liable. It is true that § 319 uses the word "party" in the singular form, providing that either party may bring the issue on for trial "by serving upon the opposite party a notice . . . [which will] notify the opposite party . . . " This can mean no more than that the issue is brought on for trial at the time set by the court, as to each opposite party upon whom such notice had been served. It cannot mean that the issue is brought on for trial or hearing as to one who had no notice, who did not participate in setting the trial date, and who may be completely unaware that the trial is ever to be held, until it is in progress or has been completed.

Especially in this kind of case, a defendant might justifiably be lulled into a sense of security, realizing that the case could properly proceed to judgment without it as a party. The good faith and honest intentions of the engineering company are immaterial to the result required by Rule III. A dismissal is mandatory where there has been neglect to note the action for trial (*State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan,* 6 Wn. (2d) 106, 106 P. (2d) 1073; *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339; *State ex rel. Seattle v. Superior Court,* 6 Wn. (2d) 540, 108 P. (2d) 342), unless the *failure* to bring it on was caused by the party seeking dismissal.

The significant words of this section, in this connec-

tion, are "neglect" and "failure." These words are not modified in any way in the context so as to acquire any signification other than their usual and ordinary meaning. The neglect or failure to note the action for trial is as much a "neglect" or "failure," within the meaning of this section, when it is caused by inadvertence, or prompted by honest motives, or brought about by bad faith. We would not be justified in reading into this section such a manifest qualification of its clear and express language.

■ There are several reasons which require us to find against respondent on the proposition that relator's attendance at the oral examination of two witnesses causes Rule III to be inapplicable. The taking of these depositions was no part of the trial; relator's presence at that time could not be construed as a substitution for the requisite service of notice of assignment for trial; it did not cause the failure to bring the issues on for trial. Furthermore, it appears that the first of these examinations was had on June 25, 1940, and the other on January 25, 1941, and that more than one year had elapsed after the cause was stricken from the trial calendar on April 19, 1939, before the first deposition was taken June 25, 1940.

Relator also states, and we find nothing in the record to the contrary, that what it attended on June 25, 1940, was the oral examination of J. L. Burnham, taken on notice given by the engineering company under Rule VII, Rules of Practice, 193 Wash. 44-a, Rem. Rev. Stat (Sup.), § 308-7. This being true, relator could not have participated in this examination, or examined the witness, except to enable Burnham to correct or explain his testimony.

Relator also contends that the oral examination of L. Romano, on January 25, 1941, was had pursuant to a stipulation between counsel for the Northern Pacific

Railway Company and attorneys for the engineering company, without any notice to, or prior consultation or stipulation with, relator's attorneys, and that neither relator nor its attorneys participated in the oral examination, but were merely present when the oral testimony was taken. We do not feel that the attendance by relator on the taking of oral testimony, as disclosed by this record, could or should amount to a waiver of the benefit of the rule, as does a consent to a continuance.

It appearing that neither relator nor its attorneys were served with any notice of assignment for trial, or any other pleading, from November 21, 1938, to January 25, 1941, and that the delay was not caused by relator, the writ applied for should be and is granted, and a peremptory writ directing the superior court to enter an order dismissing the action, without prejudice, in so far as the same affects relator, will issue.

BEALS, MILLARD, and SIMPSON, JJ., concur.

ROBINSON, C. J. (dissenting)—I am not in accord with the foregoing opinion. As I view it, it makes a too technical application of the rule.