[No. 36201.   Department One.   July 12, 1962.]

DANIEL R. GRAY, JR., *Appellant*, v. OLIN MATHIESON CHEMICAL CORPORATION *et al., Respondents.*\*

\*Reported in 373 P. (2d) 481.

*Lee Olwell,* for appellant.

*Sweet & Merrick,* by *H. J. Merrick* and *Rosling, Williams, Lanza & Kastner,* by *Joseph J. Lanza,* for respondents.

HILL, J.—This is an appeal from an order of the Superior Court of King County, dismissing an action against two defendants, entered under Rule of Pleading, Practice and Procedure 41.04W.[1]

The action was commenced August 28, 1958. Each of the two defendants had answered the amended complaint by August 24, 1959. The plaintiff served his reply to each answer September 15, 1959. By this date, at least, the case was at issue.

The case, not having been noted for trial, both defendants moved, on October 10, 1960, to dismiss for want of prosecution; and the order of dismissal was entered June 16, 1961.

The appeal was argued in this court June 18, 1962, almost four years after the action was commenced.

Two reasons are urged as to why rule 41.04W should not be applicable.

The first relates to interrogatories: Plaintiff served interrogatories about October 1, 1959 (filed October 5, 1959). One defendant answered the interrogatories November 18, 1959; and the other on February 16, 1960. We cite these dates, not because we deem them material but to indicate that the plaintiff still had seven months in which to get the case noted for trial after all his interrogatories had been answered.

---

[1]"Dismissal of causes for want of prosecution. (a) *Dismissal on Motion of Parties.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

■ The rule provides for no extensions of time because of depositions, interrogatories, demands for admissions, or pretrial procedures. See *State ex rel. Woodworth & Cornell v. Superior Court* (1941), 9 Wn. (2d) 37, 113 P. (2d) 527. The requirement remains that an action must be noted for trial within one year after it is at issue.

The second reason was the existence of Special Rule of the Superior Court for King County 14, which was in effect from July 1, 1959 to June 1, 1960. This was the so-called readiness rule.

■ This rule was not intended to, and could not, extend the one-year time for noting a case for trial after it was at issue. *State ex rel. Pacific Fruit & Produce Co. v. Superior Court* (1945), 22 Wn. (2d) 327, 155 P. (2d) 1005. It in nowise conflicted with Rule of Pleading, Practice and Procedure 41.04W, but added an additional supplementary requirement, *i.e.*, that the plaintiff be ready to try a case when he noted it for trial.[2]

The plaintiff's suggestion that the period during which rule 14 was in effect (after September 15, 1959), should be excluded from the computation of the year—relying on *Franks v. Douglas* (1961), 57 Wn. (2d) 583, 358 P. (2d) 969, which involved the incompetency of a defendant for whom no guardian ad litem had been appointed—seems to us without the semblance of merit.

The judgment of dismissal is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.

---

[2]Special Rule of the Superior Court for King County 14, required the making of a certificate as follows:

"1. That I have interviewed or reviewed the proposed testimony of all known witnesses I might call in the trial of the case;

"2. That such drawings, documents, physical evidence and/or other exhibits as I may choose to offer are prepared or provided for;

"3. That such use of the rules of discovery, as I feel necessary for trial of this case, has been completed, and that the cause is at issue;

"4. That all examinations and depositions which I feel necessary have been concluded;

"5. That I have discussed settlement with opposing counsel, or no offer of settlement was made because [here put explanation]

"6. That the opposing party is ready for trial, or has had a reasonable time in which to prepare for trial;"