[No. 36620.   Department One.   October 18, 1962.]

EZRA DAVIS *et al.*, *Plaintiffs*, v. CLAY SMITH *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR KING COUNTY, *George R. Stuntz, Judge, Respondent.**

*Rosling, Williams, Lanza & Kastner,* by *William D. Cameron,* for defendants and relators.

*Michel P. Stern* (of *Robbins, Oseran & Robbins*), for respondent.

PER CURIAM.—In this proceeding, the relators seek a writ of mandamus directing the respondent to dismiss a pending claim without prejudice.

In King County cause No. 573459, the complaint was served September 7, 1960, but not filed with the clerk of the court until September 19, 1961. The answer was served October 4, 1960, but not filed until November 3, 1961. The cause was at issue October 4, 1960, upon the serving of the answer. *Burns v. Payne, ante* p. 323, 373 P. (2d) 790

*Reported in 375 P. (2d) 397.

(1962). It was not noted for trial until December 4, 1961. Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, in so far as material here, provides:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . ."

█ The record establishes that the failure to note the cause for trial within one year was not caused by the party making the motion to dismiss. Under these facts, the court exercises no discretion in granting the motion. *Burns v. Payne, supra; Gray v. Olin Mathieson Chemical Corp., ante* p. 236, 373 P. (2d) 481 (1962); *Franks v. Douglas,* 57 Wn. (2d) 583, 358 P. (2d) 969 (1961).

█ Plaintiffs attempted to note the cause for trial after one year had elapsed. Relators, upon being served, immediately requested a jury and promptly moved to dismiss. Under these facts, the plaintiffs were not misled by relators' pretrial request for a jury. Relators were entitled to a trial by jury, as a matter of right. Further, the request for a jury did not indicate a clear intention on the part of the relators to waive a known right.

In *Gray v. Olin Mathieson Chemical Corp., supra,* we said:

"The rule provides for no extensions of time because of depositions, interrogatories, demands for admissions, or pretrial procedures. [Citing case.] The requirement remains that an action must be noted for trial within one year after it is at issue."

See, also, *O'Connor v. Tesdale,* 34 Wn. (2d) 259, 209 P. (2d) 274 (1949); *State ex rel. Pacific Fruit & Produce Co. v. Superior Court,* 22 Wn. (2d) 327, 155 P. (2d) 1005 (1945); *Carter v. Curlew Creamery Co.,* 16 Wn. (2d) 476, 134 P. (2d) 66 (1943); *Constantino v. Moreschi,* 9 Wn. (2d) 638, 115 P. (2d) 955 (1941); *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339 (1940).

For the reasons stated, the writ will issue, directing respondent to enter judgment of dismissal in King County cause No. 573459, in compliance with Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, *supra*.