[No. 36827.    Department One.    August 1, 1963.]

LAWRENCE J. STOREY, *Respondent*, v. GEORGE SHANE, *et al.,*
*Relators.**

*Stephen E. Chaffee*, for relators.

*Dwight A. Halstead*, for respondent.

HALE, J.—This is a writ of certiorari to the Superior Court to review the refusal of that court to dismiss a pending civil action for want of prosecution within 1 year under Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, 4 Orland's Washington Practice 257.

*Reported in 384 P. (2d) 379.

In passing upon the questions raised, we cannot escape the need to detail chronologically the operative events. Respondent Lawrence J. Storey brought an action to foreclose a lien on relator George Shane's property for repairs to a well. The summons and complaint were served in November, 1960. Relators joined issue by service of their answer, affirmative defense and cross-complaint about 3 months later, on February 10, 1961. No party had taken steps to note the cause for trial when, after the lapse of 4 more months, on June 20, 1961, respondent moved for a summary judgment on his complaint and dismissal of relators' cross claim. This motion was based upon the pleadings, respondent's own and two other affidavits, and asserted that no genuine issue of fact remained to be litigated. Relators promptly met the motion for summary judgment with affidavits, regular and telegraphic, and prevailed at the hearing thereon, on June 30, 1961, when the court denied respondent's motion for summary judgment by formal order. The case lay dormant from June 30, 1961, the date the summary judgment was denied, for nearly 9 more months, when, on April 17, 1962, respondent served and filed a notice of trial setting to be heard April 20, 1962. In this notice, given pursuant to local rules, Superior Court of the State of Washington for Yakima County, he represented that the case was at issue, no affirmative pleadings remained unanswered, all pleadings were on file, and that the case was ready for trial. These statements are material to this review only insofar as they show that respondent must have deemed the case at issue on February 10, 1961, with the filing of the answer and cross complaint, since no additional pleadings were filed thereafter by either party.

On the day next after relators received the notice of trial setting, on April 18, 1962, they served and filed their motion to dismiss the action for want of prosecution within 1 year from joinder of issue, and they rely upon Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, which states:

"(a) *Dismissal on Motion of Parties*. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

We can better understand the categorical nature of this rule by a reading of § (b) (Rule of Pleading, Practice and Procedure 41.04W(b), RCW Vol. 0) which requires the clerk of the superior court to take action to secure dismissal of all cases inactive for more than 1 year on January 1st and July 1st of each year.

The writ of certiorari raises only one question: Does a ruling on a motion for summary judgment made in good faith toll Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, which makes dismissal of the action mandatory when there is a want of prosecution for 1 year from joinder of issue?

■ Our decision must be reached in consonance with several principles taken to be the law, among which is the fundamental rule that a cause is at issue when the answer is served. *Burns v. Payne*, 60 Wn. (2d) 323, 373 P. (2d) 790. The duty to bring the case on for trial, or to take such other steps as may be available to resolve the issues of law and fact raised by the claim and answer, rests upon the party bringing the action. In *State ex rel. Pacific Fruit & Produce Co. v. Superior Court*, 22 Wn. (2d) 327, 155 P. (2d) 1005, the burden was placed squarely upon the plaintiff in this language:

". . . Plaintiff is the attacking party and must by prompt action comply with . . . [this] rule under consideration. . . ."

We amplified this in *Bishop v. Hamlet*, 58 Wn. (2d) 911, 365 P. (2d) 600, referring again to Rule 41.04W, *supra*, when the court said:

". . . the obligation of going forward to avoid the

operation of the rule always belongs to the plaintiff or cross-complainant . . . and not to the defendant. . . ."

Of similar import is *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339; *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246.

■ Serving and filing a notice of issue of law and facts will not toll the rule. Thus, where notice of trial setting was served 4 months after the year had run, a subsequent motion to dismiss under this rule was upheld. *State ex rel. L. L. Buchanan & Co. v. Washington Public Ser. Comm.,* 39 Wn. (2d) 706, 237 P. (2d) 1024.

■ No extension of time is granted in the rule, nor contemplated by our decisions, in carrying on the normal pretrial activities prescribed by our rules in taking of depositions, serving of interrogatories, making demands for admissions, making applications to inspect adversely held evidence, and the like. *Gray v. Olin Mathieson Chemical Corp.,* 60 Wn. (2d) 236, 373 P. (2d) 481; *Davis v. Smith,* 60 Wn. (2d) 720, 375 P. (2d) 397. The motion for summary judgment does not fall within the same category as these pretrial proceedings.

Nor, strictly speaking, is it a trial, though it may finally resolve some or all of the issues. On the contrary, it is a mechanism whereby the court determines whether factual issues exist to be resolved by trial. Students of modern procedure agree that granting or denial of the motion is not a determination of fact but rather a ruling of law. See 4 Orland's Washington Practice 349, 354. But a ruling on a motion for summary judgment, if granted, though it is a ruling of law to the effect that no issues of fact exist to be tried, is in the nature of a trial as it may finally resolve all of the issues raised by the parties in their pleadings, and a judgment granted pursuant to the motion may be final and, therefore, appealable. Any proceeding which, under the rules of procedure, may produce in due course a final adjudication on the merits is a trial or hearing within the rule.

■ But it is not the mere filing of the motion that tolls the rule. It is the court's decision thereon, either in denial

or granting in whole or in part, that sets the 1 year's time running again. One cannot simply file the motion, let it lie dormant, and then assume that the cause has been renewed for an additional year. It must be filed in good faith, supported with a record that indicates not only good faith but an intent to prevail, and brought before the court for hearing with reasonable dispatch under the rules prevailing in the forum where maintained. It is the court's ruling pursuant to such well-brought motion that tolls the rule.

In this case, joinder of issue took place with the service and filing of the answer and cross complaint on February 10, 1961, and the rule would go into effect the next judicial day. Respondent's motion for summary judgment on June 20, 1961, was timely, as it left ample time for hearing on and disposition of the motion before the year would expire. The court's decision, handed down in its order of June 30, 1961, denying the motion, tolled the rule and set the time running again. The application for a dismissal of the action for want of prosecution under Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, is, therefore, denied.

Respondent is awarded costs in this certiorari proceeding.

It is so ordered.

OTT, C. J., HILL, and ROSELLINI, JJ., and RYAN, J. Pro Tem., concur.

HILL, J. (concurring specially)—I am in entire accord with the majority's determination of the present case. I am concerned with the situation which may arise (under our holding that the rule requiring action within a year is not tolled until the trial court passes on the motion for summary judgment) where the trial judge does not announce his decision on the motion until after the year has run. It seems to me that the period during which a trial judge has the motion under advisement should not be counted as part of the year and that we should so state.

OTT, C. J., concurs with HILL, J.