[No. 38777.   Department Two.   November 30, 1967.]

MAYMIE A. MOLLETT, *Respondent,* v. UNITED BENEFIT
LIFE INSURANCE COMPANY, *Appellant.**

*Parker & Parker,* by *Lester T. Parker,* for appellant.

*Paul A. Bitar* and *B. Rolf Espedal,* for respondent.

HUNTER, J.—This case comes before this court on an appeal from a summary judgment entered against the United Benefit Life Insurance Company, defendant (appellant), in favor of Maymie A. Mollett, plaintiff (respondent), for the proceeds of a life insurance policy.

At the time of the hearing upon the motion for summary judgment, April 23, 1965, the defendant interposed a motion for dismissal of the action under Rule of Pleading, Practice and Procedure 41.04W, RCW vol. 0, the rule then in effect, on the ground that the case had not been noted for trial within a year from the time issues of law or fact were joined. (This rule was superseded by Civil Rule for Superior Court 41(b)(1), effective July 1, 1967, RCW vol. 0.) Defendant has assigned error to the denial of this motion.

There is no dispute that this case was not noted for trial within a year after issue was joined. The only question is

*Reported in 434 P.2d 601.

whether the running of the 1-year period under the rule, *supra,* was tolled by a hearing upon a motion by the plaintiff to strike the pleadings of the defendant for failure to furnish the plaintiff with a correct copy of the insurance policy under discovery proceedings. The court determined that the copy furnished was a correct copy of the original insurance policy, and the motion to strike was therefore denied.

The defendant contends that the motion interposed by the plaintiff was a part of the pretrial discovery procedure and for that reason was ineffective in tolling the 1-year period for noting the case for trial. We agree. The rule provides for no extensions of time because of pretrial procedures. In *Gray v. Olin Mathieson Chemical Corp.*, 60 Wn.2d 236, 373 P.2d 481 (1962), we held:

> The rule provides for no extensions of time because of depositions, interrogatories, demands for admissions, or pretrial procedures. See *State ex rel. Woodworth & Cornell v. Superior Court* (1941), 9 Wn. (2d) 37, 113 P. (2d) 527. The requirement remains that an action must be noted for trial within one year after it is at issue.

In *Storey v. Shane,* 62 Wn.2d 640, 384 P.2d 379 (1963), we again stated:

> No extension of time is granted in the rule, nor contemplated by our decisions, in carrying on the normal pretrial activities prescribed by our rules in taking of depositions, serving of interrogatories, making demands for admissions, making applications to inspect adversely held evidence, and the like. *Gray v. Olin Mathieson Chemical Corp.*, 60 Wn. (2d) 236, 373 P. (2d) 481; *Davis v. Smith,* 60 Wn. (2d) 720, 375 P. (2d) 397. The motion for summary judgment does not fall within the same category as these pretrial proceedings.

The motion to strike on the basis of the defendant's failure to produce a correct copy of the insurance policy was clearly a part of a pretrial discovery proceeding. It therefore did not toll the running of the 1-year period for noting the case for trial or hearing after issue was joined. RPPP 41.04W, *supra.* The trial court erred in denying the

defendant's motion for dismissal pursuant to the rule.

In view of our disposition of this assignment of error we do not reach the remaining issues raised by this appeal.

The judgment of the trial court is reversed, and the action of the plaintiff is dismissed without prejudice.

FINLEY, C. J., DONWORTH and HAMILTON, JJ., and LAWLESS, J. Pro Tem., concur.